IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA TOTH,                       )
                                    )
            Plaintiff,              )
                                    )
     v.                             ) Civil Action No. 03-650
                                    )
JO ANNE B. BARNHART,                )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
            Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 8/2 day of November, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on December 27, 2000, alleging a disability onset date of December 21, 2000, due to depression, chronic asthma, high blood pressure and knee problems. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on May 21, 2002, at which plaintiff, represented by counsel, appeared and testified, along with her daughter and her boyfriend. On August 21, 2002, the ALJ issued a decision finding that plaintiff is not disabled. On March 6, 2003, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c); 416.963(c). Plaintiff has a high school education and a nursing certificate. Plaintiff has past relevant work experience as a nurse's aide and a fast food cook, but has not engaged in any substantial gainful activity since her alleged onset date. For purposes of plaintiff's application for Title II

- 2 -

benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has acquired sufficient quarters of coverage to remain insured at least through the date of the ALJ's decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of left knee sprain with pain syndrome, chronic obstructive pulmonary disease with asthma, hypertension, depression/bi-polar disorder, alcohol abuse and prescription analgesic drug dependence, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs, both at the light and sedentary exertional levels, which plaintiff could perform based upon her age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff is unable to perform her past relevant work, she nevertheless is capable of making an adjustment to numerous jobs existing in significant

- 3 -

numbers in the national economy, including bagger/packer and marker/labeler at the light exertional level and assembler, bench hand worker and a pillow stuffer at the sedentary exertional level. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part

- 4 -

404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations dealing specifically with the evaluation of mental impairments. 20 C.F.R. §§404.1520a and 416.920a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff raises numerous challenges to the ALJ's findings at steps 3[1] and 5[2] of the sequential evaluation process.

---

[1] At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §404.1520(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

[2] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20

AO 72A
(Rev.8/82)

Specifically, plaintiff contends that: (1) the ALJ made improper and illogical assumptions relating to the effect of plaintiff's alcoholism on her depression; (2) the ALJ improperly analyzed the medical evidence and relied on "stale" evidence in finding plaintiff not disabled; and, (3) the ALJ improperly analyzed plaintiff's testimony and subjective complaints regarding her pain and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that there is no "logical bridge" between the evidence of record and the ALJ's findings relating to the effect of plaintiff's alcoholism on her depression. Plaintiff's somewhat convoluted argument is that the ALJ's finding that plaintiff is not disabled is logically inconsistent with two statements from the ALJ's decision which suggest that plaintiff's alcohol use is material to her depression. According to plaintiff, these statements should have triggered an analysis by the ALJ of whether plaintiff's alcoholism is a contributing factor material to the determination of disability under 20 C.F.R. §§ 404.1535 and 416.935. The court finds plaintiff's argument to be without merit.

First, the regulations concerning whether a claimant's alcohol use is a contributing factor material to the determination of disability do not apply in this case. Those regulations come

---

C.F.R. §§404.1545(a) and 416.945(a); <u>Fargnoli</u>, 247 F.3d at 40.

into play only when a claimant is found disabled <u>and</u> there is evidence of alcoholism or drug addiction. 20 C.F.R. §§ 404.1535 and 416.935. Here, the ALJ applied the five-step sequential evaluation and found plaintiff <u>not</u> disabled, either by alcoholism or any other impairment, and, therefore, there was no basis for the ALJ to proceed to an analysis of whether plaintiff's alcohol use was a contributing factor material to the determination of disability.

Moreover, the statements from the ALJ's decision that plaintiff relies upon are misquoted and taken out of context. The first statement as quoted in plaintiff's brief is that plaintiff's "alcohol abuse is material to the determination in her mental condition." Plaintiff's Brief at 11. While that statement certainly is illogical, it is so because it is misquoted by plaintiff. The actual statement from the ALJ's decision is that "[t]he claimant's alcohol abuse is material to the <u>deterioration</u> in her mental condition." (R. 21) (emphasis added).

Quoted correctly and read in context with the rest of the ALJ's discussion, including the second statement relied upon by plaintiff to the effect that the testimony of plaintiff's daughter and boyfriend support the conclusion that plaintiff's "alcohol addiction is a factor in her mental breakdowns", it is clear that the ALJ's analysis is logical and proper. Both of the challenged statements were written as part of the ALJ's step 3 discussion as to whether plaintiff's mental impairments meet or equal a listed impairment and plaintiff's alcohol use was an appropriate

- 7 -

consideration in determining whether plaintiff met the "B" criteria of the listings. The court finds that the ALJ's findings in this regard are supported by substantial evidence.

Plaintiff's next argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity.[3] Specifically, plaintiff contends that the ALJ relied on "year-old, stale" records to find plaintiff not disabled. He also contends that the ALJ ignored opinions from his treating and examining physicians indicating that plaintiff could not work. Upon review the court finds that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

First, plaintiff's argument that the ALJ relied on "stale" records is without merit. Plaintiff is seeking disability benefits with an onset date of December 2000. The records that plaintiff takes issue with are records from the year 2001 and were within the period of time for which plaintiff was alleging disability. A review of the ALJ's decision establishes that the ALJ considered all of the relevant medical records for the relevant time period and it would not have been any more proper

---

[3]   Here the ALJ found that "[Plaintiff] has the residual functional capacity to engage in a range of light work that involves occasional climbing, stooping, and kneeling; no concentrated exposure to poor ventilation, dust, fumes, chemicals or extreme hot or cold temperatures; no more than simple, routine, repetitive tasks performed in a low stress environment; not interaction with the public; occasional interaction with co-workers and does not require the clamant to stand for more than two hours in an eight-hour workday." (R. 24)

for the ALJ to disregard records from 2001 that support a finding of non-disability as it would have been for him to disregard as "stale" records from that same time period had they supported a finding of disability.

The ALJ's decision also belies plaintiff's position that the ALJ improperly disregarded an opinion from an examining psychologist, Dr. Kreinbrook, that plaintiff's "symptoms are disabling". (R. 415). The ALJ expressly addressed Dr. Kreinbrook's opinion in his decision but concluded that it was entitled to little weight. (R. 22). The court finds substantial evidence in the record supporting the ALJ's conclusion.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in

evaluating the medical evidence, including Dr. Kreinbrook's opinion that plaintiff's symptoms are "disabling." First, as the ALJ noted, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

Here, based upon his review of the <u>entire</u> record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing <u>any</u> substantial gainful activity.

Moreover, the opinion of total disability rendered by Dr. Kreinbrook is contradicted by the clinical and objective medical evidence of record, as well as with plaintiff's own reported activities of daily living. In fact, as the ALJ pointed out in his decision, Dr. Kreinbrook's opinion appears to have been based "on incomplete, and possibly misleading, information" from plaintiff. (R. 22) Specifically, the record indicates that Dr. Kreinbrook was not made aware that plaintiff's hospital admission in April 2002 was precipitated by heavy alcohol use, and, in fact, plaintiff reported to Dr. Kreinbrook at her interview in early May 2002 that her "occasional" periods of alcohol abuse "in the past" were "very infrequent".

Finally, total disability as suggested by Dr. Kreinbrook is not supported by the objective medical evidence as a whole and is

AO 72A
(Rev.8/82)

inconsistent with other substantial evidence in the record. As the ALJ noted, the totality of the medical evidence indicates that when plaintiff follows her prescribed treatment, her conditions improve and that her relapses frequently are related to lapses in treatment or complete non-compliance with treatment. (R. 21). Accordingly, in light of the other evidence, the ALJ did not err in giving Dr. Kreinbrook's inconsistent opinion little weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

Plaintiff's final argument is that the ALJ improperly analyzed plaintiff's credibility. Specifically, plaintiff contends that the ALJ imposed an "unreasonable burden" upon her by requiring her to prove her pain solely by objective medical evidence without any consideration of plaintiff's subjective complaints or non-medical corroborating evidence. After reviewing the record, the court finds that the ALJ properly evaluated plaintiff's subjective complaints in accordance with the regulations.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In this case, contrary to plaintiff's allegations, the ALJ ignored neither plaintiff's subjective complaints nor the testimony of her boyfriend and daughter, regarding plaintiff's

- 11 -

pain and limitations, but specifically addressed all of the evidence in his decision in finding that plaintiff's allegations regarding her limitations were not totally credible. (R. 21).

In assessing plaintiff's credibility, the ALJ properly considered plaintiff's subjective complaints, but <u>also</u> considered her allegations in light of the medical evidence, her treatment history and all the other evidence of record. In doing so, he found that plaintiff's testimony as to her limitations was inconsistent with her daily activities and life style as well as the objective medical evidence. (R. 21). The ALJ also expressly found the testimony from plaintiff's daughter and boyfriend to be credible, but noted that their testimony supported a conclusion that plaintiff's alcohol addiction was a factor in her mental breakdowns. (R. 21). The court finds no error in the ALJ's credibility determination as it is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: David A. Collechia, Esq.
    542 Hamel Avenue
    Greensburg, PA 15601

    Paul E. Skirtich
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, PA 15219

- 13 -

AO 72A
(Rev.8/82)